IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GILBERT CAMPA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CORRECTIONAL HEALTH PARTNERS YELLOWSTONE COUNTY DETENTION FACILITY NURSE STAFF,<br><br>　　　　Defendants. | Cause No. CV 21-136-BLG-SPW-KLD<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

　　　　Plaintiff Campa brought this action on December 29, 2021. He alleged that he was being denied adequate medical care at the Yellowstone County Detention Facility. Among other things, Campa filed a motion for preliminary injunction on April 28, 2022 (Doc. 24). At some point after that, he was released from custody, but he did not update his mailing address as required. *See* Notice and Orders (Doc. 3 at 2; Doc. 6 at 3 ¶ 7; Doc. 19 at 9); *see also* Returned Mail (Docs. 30, 31).

　　　　On June 3, 2022, the Court ordered Campa to provide a current mailing address and show cause why the action should not be dismissed. *See* Order (Doc. 32). The order was not returned as undeliverable, but Campa did not respond. On June 27, 2022, Defendants filed a motion to dismiss (Doc. 34).

1

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. A court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor generally favors dismissal, and the fifth generally counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). No special considerations suggest these factors should be viewed differently in this case. The Court will consider factors two, three, and four.

On April 4, 2022, the Court issued a detailed scheduling order explaining what Campa must do to advance his case. The order required Campa to file a

disclosure statement within 60 days. Defendants complied (Doc. 33), but Campa did not. Nor did he respond to the June 3 order to show cause. Other plaintiffs have attempted in good faith to comply with their scheduling orders and other orders issued by the Court. Time and resources should be directed to them. This case interferes with and takes time away from those cases. The second factor, concerning docket management, weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).

Plaintiff's abandonment, particularly his failure to file his disclosure statement, interferes with Defendants' ability to prepare for and proceed to trial. The third factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

 No viable alternatives to dismissal appear. The action simply cannot proceed without a plaintiff. This factor weights in favor of dismissal.

Courts exist to resolve disputes on the merits. Plaintiff Campa, however, has abandoned the action. All four of the other *Pagtalunan* factors counsel dismissal.

Because Campa has abandoned the action, any appeal of this disposition would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, IT IS RECOMMENDED:

1. Campa's motion for preliminary injunction (Doc. 24) should be DENIED AS MOOT.

2. This action should be DISMISSED WITH PREJUDICE for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

3. Defendants' motion to dismiss (Doc. 34) should be DENIED AS MOOT.

4. The clerk should be directed to enter, by separate document, a judgment of dismissal for failure to prosecute.

5. The District Court should CERTIFY that an appeal would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Campa may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Campa must immediately advise the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of the action.

DATED this 28th day of June, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.